UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **ROCCO J. MESSINA**, | ) | FILED: JUNE 4, 2009 |
| | ) | 09CV3374 |
| plaintiff, | ) | JUDGE KENNELLY |
| | ) | MAGISTRATE JUDGE BROWN |
| vs. | ) | No. AO |
| | ) | |
| **JOHN CATANZARA**, individually and as a Chicago Police Officer, and **TOPO GIGIO, INC,** an Illinois corporation, | ) ) ) ) | |
| defendants. | ) | *TRIAL BY JURY REQUESTED* |

## COMPLAINT

ROCCO J. MESSINA, plaintiff, complains of defendants, JOHN CATANZARA, individually and as a Chicago Police Officer, and TOPO GIGIO, INC., an Illinois corporation, and states as follows.

### Jurisdiction and Venue

1. This action is brought pursuant to title 42 United States Code, § 1983 to redress deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction pursuant to title 28 United States Code, §§ 1331 and, in Counts V and VI, title 28 United States Code, § 1367.

3. Venue is proper in this district pursuant to title 28 United States Code, § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**Parties**

4.  At all times relevant hereto, plaintiff was an adult resident of Cook County, Illinois.

5.  At all times relevant hereto, defendant John Catanzara ("Catanzara") was an adult resident of Cook County, Illinois, a police officer employed full-time by the Chicago Police Department, and a part-time employee as a security official/bouncer of defendant Topo Gigio, Inc.

6.  At all times relevant hereto, defendant Topo Gigio, Inc. ("Topo Gigio"), was an Illinois corporation with its principal place of business in Cook County, Illinois. Topo Gigio is engaged in the business of restaurateur under the name and style "Topo Gigio Ristorante."

**Facts Common to All Counts**

7.  On June 14, 2008, plaintiff was a customer of Topo Gigio, lawfully on the premises of Topo Gigio Ristorante in Chicago, Illinois.

8.  At all times relevant hereto, plaintiff acted fully in accordance with all applicable laws, statutes, and ordinances.

9.  Without cause or grounds, and without a warrant, Catanzara seized plaintiff, administered a severe beating to plaintiff's person (head, face, and body), and arrested plaintiff.

10. At no time during the incident did plaintiff resist Catanzara's actions or in any manner provoke Catanzara to seize, beat, or arrest plaintiff.

11. Following said arrest, plaintiff was transported back and forth to the hospital and to jail, where he remained imprisoned for a period of many hours until he was released on bond on the morning of June 15, 2008.

12. Plaintiff was charged, in Circuit Court of Cook County misdemeanor complaint no. 081229556, signed by Catanzara on June 14, 2008, with the offense of battery, in violation of 720 ILCS 5/12-3-A-1.

13. On July 16, 2008, all charges against plaintiff were dismissed.

### Count I

14. Plaintiff repeats and realleges paragraphs 1 through 13.

15. On June 14, 2008, defendant Catanzara unlawfully seized and arrested plaintiff without probable cause and without a warrant. These seizures and arrests were in violation of plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

16. Defendant Catanzara unlawfully and maliciously arrested and wrongfully detained plaintiff without any legal right to do so in his official capacity as a police officer of the Chicago Police Department under color of law and within the scope of his employment as a police officer.

17. Such acts committed by defendant Catanzara were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of plaintiff's constitutional rights and would cause harm to plaintiff.

WHEREFORE, plaintiff prays judgment against defendant Catanzara in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, reasonable attorney fees, and such other relief as the Court may find just and proper.

### Count II

18. Plaintiff repeats and realleges paragraphs 1 through 13.

19. On June 14, 2008, defendant Catanzara subjected plaintiff to excessive force. The excessive force was administered in violation of plaintiff's rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

20. Defendant Catanzara unlawfully and maliciously inflicted excessive force on plaintiff without any legal right to do so in his official capacity as a police officer of the Chicago Police Department under color of law and within the scope of his employment as a police officer.

21. The misconduct was objectively unreasonable and was undertaken intentionally, maliciously, willfully and wantonly, egregiously, and with the intention to violate or with reckless indifference to plaintiff's constitutional rights, and with the intention of causing harm to plaintiff.

22. As a result of the unjustified and excessive use of force, plaintiff suffered and continues to suffer severe injuries, severe pain and suffering, and emotional distress, which required and continue to require hospitalization and medical treatment.

WHEREFORE, plaintiff prays judgment against defendant Catanzara in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, reasonable attorney fees, and such other relief as the Court may find just and proper.

**Count III**

23. Plaintiff repeats and realleges paragraphs 1 through 13.

24. Jurisdiction of this Court is invoked pursuant to title 28 United States Code § 1331 or pursuant to its supplemental jurisdiction under title 28 United States Code, § 1367.

25. On June 14 and 15, 2008, after being seized and arrested without a warrant and without probable cause for such arrest, plaintiff was detained imprisoned without cause at the instigation of defendant Catanzara, who had no legal right to cause plaintiff to be so imprisoned.

26. Defendant Catanzara unlawfully and maliciously caused plaintiff to be imprisoned without any legal right to do so in his official capacity as a police officer of the Chicago Police Department under color of law and within the scope of his employment as a police officer, in violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of common law in force in this district.

27. The misconduct was objectively unreasonable and was undertaken intentionally, maliciously, willfully and wantonly, egregiously, and with the intention to violate or with reckless indifference to plaintiff's constitutional rights and other rights, and with the intention of causing harm to plaintiff.

28. As a result of the said misconduct, plaintiff was wrongfully imprisoned and remained in jail overnight until released on bond.

WHEREFORE, plaintiff prays judgment against defendant Catanzara in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, reasonable attorney fees, and such other relief as the Court may find just and proper.

### **Count IV**

29. Plaintiff repeats and realleges paragraphs 1 through 13.

30. Jurisdiction of this Court is invoked pursuant to title 28 United States Code § 1331 or pursuant to its supplemental jurisdiction under title 28 United States Code, § 1367.

31. Defendant Catanzara, in his capacity as a Chicago police officer and individually, initiated and continued judicial proceedings against plaintiff in the Circuit Court of Cook County by intentionally executing a false complaint, containing his false oath, charging plaintiff with battery. The false and malicious conduct caused plaintiff to be charged with and prosecuted for battery.

6

32. Defendant Catanzara instituted such false judicial proceedings against plaintiff with malice and with willful and wanton disregard for the truth, in violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of common law in force in this district.

33. Defendant Catanzara brought such false charges against plaintiff in order to cover up his own illegal conduct as described herein.

34. On July 16, 2008, all charges against plaintiff were dismissed.

35. As a result of such false charges being brought against plaintiff by defendant Catanzara, plaintiff has suffered extensive damages, included but not limited to severe emotional distress, out-of-pocket costs, including but not limited to legal fees for his defense, and other damages.

WHEREFORE, plaintiff prays judgment against defendant Catanzara in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, reasonable attorney fees, and such other relief as the Court may find just and proper.

## **Count V**

36. Plaintiff repeats and realleges paragraphs 1 through 13.

37. Jurisdiction of this Court is invoked pursuant to title 28 United States Code, § 1367.

38. On June 14, 2008, without cause or provocation by plaintiff or other lawful authority, defendant Catanzara intentionally and maliciously battered plaintiff about his head, face, and body, causing severe physical injuries to plaintiff's person. Defendant Catanzara intended such battery to cause severe injuries to plaintiff.

39. Said battery caused plaintiff to seek and receive hospital and other medical treatment for his severe injuries, which caused plaintiff to suffer severe pain and suffering, eye injuries, and emotional distress will continue to cause plaintiff such injuries in the future.

WHEREFORE, plaintiff prays judgment against defendant Catanzara in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, and such other relief as the Court may find just and proper.

## Count VI

40. Plaintiff repeats and realleges paragraphs 1 through 13; 37 through 39.

41. Jurisdiction of this Court is invoked pursuant to title 28 United States Code, § 1367.

42. In addition to being a police officer employed by the Chicago Police Department, at the time of the incidents complained of herein, defendant Catanzara was employed as a security official/bouncer by defendant Topo Gigio.

43. All misconduct complained of herein was performed by defendant Catanzara in the course and scope of his employment by defendant Topo Gigio, which is liable for such tortious conduct.

WHEREFORE, plaintiff prays judgment against defendant Topo Gigio in a fair and just amount sufficient to compensate him for the injuries he suffered and continues to suffer plus plaintiff seeks a substantial sum in punitive damages against defendant Catanzara, costs, and such other relief as the Court may find just and proper.

*TRIAL BY JURY REQUESTED.*

ROCCO J. MESSINA, plaintiff,

by _____*Douglas K. Morrison*_____
One of his attorneys

Douglas K. Morrison
MORRISON & MIX
120 N. La Salle Street
Chicago, Illinois 60602
312-726-0888