## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3374 | **DATE** | 10/21/2011 |
| **CASE TITLE** | Rocco J. Messina vs. John Catanzara | | |

**DOCKET ENTRY TEXT**

The motion for a new trial [78] is denied. (For further details see minute order.)

■ [ For further details see text below.]  Notices mailed by Judicial staff.

### STATEMENT

Plaintiff Rocco Messina brought this suit for false arrest, excessive force, and malicious prosecution against Defendant John Catanzara, a Chicago police officer. A jury returned a defense verdict. Plaintiff now moves for a new trial. He urges that the case turned on a credibility contest between Plaintiff and Defendant, and that the court erred in barring opinion testimony concerning Catanzara's reputation for truthfulness. Significantly, the evidence Plaintiff sought to present consisted of other witnesses' views concerning Mr. Catanzara's statements concerning the incident that gave rise to the lawsuit–specifically, his false statements about the fact that he was working as a "bouncer" in violation of police regulations at the time of the incident. Those same false statements were presented to the jury at trial in this case, however. As explained in *Schultz v. Thomas*, 832 F.2d 108, 111 (7th Cir. 1989), presenting the opinion of other lay witnesses about the truthfulness of the very same statements that the jurors themselves could assess would usurp the jurors' role.

The jurors in this case knew that Officer Catanzara was not authorized to work as a bouncer at the time of this incident and knew that he had made false statements about the matter. They were entitled to consider those statements in connection with their own assessment of Catanzara's credibility. Additional commentary on the truth of those statements was not necessary. In any event, the court is satisfied that its refusal to admit such commentary did not undermine the jury's verdict. The motion for a new trial [78] is denied.